NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TOY-LING WASHINGTON, | : |
|  | : Hon. Stanley R. Chesler, U.S.D.J. |
|  | : Civ. A. No. 06-CV-03102 |
| Plaintiff, | : |
|  | :  **OPINION** |
| v. | : |
| TOWNSHIP OF HILLSIDE CITY COUNCIL, et al., | : |
| Defendants. | : |

## CHESLER, District Judge

This matter comes before the Court upon the motion for summary judgment filed by Defendant Union County Sheriff's Department [docket item #153]. Plaintiff Toy-Ling Washington has opposed this motion [docket item #162]. After consideration of the parties' briefing, the Court has determined that it will grant the motion for summary judgment. In the following discussion, the Court gives its reasons for the decision.

**FACTUAL BACKGROUND**

Plaintiff initiated this action on July 1, 2006. On July 10, 2007, Plaintiff filed an Amended Complaint, which, for the first time, named the Union County Sheriff's Department. The essential allegation is that "the Union County Sheriff's Office in complicity with the Hillside Police Department entered the Plaintiff's home, and falsely arrested the Plaintiff without a warrant, fingerprinting . . . [and] she was put in solitary

confinement." (Amended Complaint at 4). As all other claims against all other Defendants have been dismissed, the only remaining claim is the alleged false arrest by the Union County Sheriff's Department.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48. Pursuant to Federal Rule of Civil Procedure 56(e), the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358,

1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993)).

Having set forth the appropriate standards of review, the Court will explain why it grants Defendants' motion for summary judgment in its entirety.

## ANALYSIS

I.   Plaintiff's Arrest Was Made with Probable Cause

Despite Plaintiff's contrary assertions, the record demonstrates that there was a lawful warrant. On August 21, 2006, the Honorable William L'E Wertheimer of the Superior Court of New Jersey issued an Order for a Bench Warrant and Bail Forfeiture. Notwithstanding Plaintiff's unsupported allegation of evidence spoilation, the record demonstrates that the arresting officers had probable cause for the arrest of Plaintiff and the arrest was effectuated appropriately.

II.   The Arresting Officers Are Afforded the Protection of Qualified Immunity

The qualified immunity doctrine serves to shield an arresting officer from liability under Section 1983, so long as there was probable cause to effectuate the arrest and the arrest was conducted in an appropriate manner. Pierson v. Ray, 386 U.S. 547 (1967). As noted, the arresting officers were acting pursuant to an Order for a Bench Warrant and Bail Forfeiture. In addition to acting pursuant to the Bench Warrant, the record is void of any facts suggesting that the arrest was violative of Plaintiff's Constitutional rights. The arresting officers are afforded the protections of the qualified immunity doctrine.

III. <u>The Defendant Cannot Be Held Liable For The Acts Of Its Agents In This Case</u>

A governmental entity, such as Defendant, generally "may not be sued under Section 1983 for an injury inflicted solely by its employees or agents." <u>Monell v. New York City Dept. Of Social Services</u>, 436 U.S. 658 (1978). Furthermore, the record is devoid of any factual allegations or evidence of wrongdoing on behalf of Defendant. Absent the conclusory allegations of "false arrest," and "missing evidence," the record fails to demonstrate any misconduct on behalf of Defendant. Plaintiff, as the non-moving party, must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. Such a showing has not been made and the Court holds that there is no genuine issue for trial.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for summary judgment, dismissing with prejudice Plaintiff's Complaint in its entirety. An appropriate form of order will be filed together with this Opinion.

           s/ Stanley R. Chesler
           Stanley R. Chesler, U.S.D.J.

Dated: February 16, 2010